# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

EDWARD D. SCHULER
ADC #140938                                                    PLAINTIFF

v.                          No. 2:20-cv-97-DPM

ASA HUTCHINSON, Governor,
State of Arkansas, *et al.*                                    DEFENDANTS


DONNIE B. JAMES
ADC #089050                                                    PLAINTIFF

v.                          No. 2:20-cv-98-DPM

ASA HUTCHINSON, Governor,
State of Arkansas, *et al.*                                    DEFENDANTS


JOSHUA CURL
ADC #168960                                                    PLAINTIFF

v.                          No. 2:20-cv-99-DPM

ASA HUTCHINSON, Governor,
State of Arkansas, *et al.*                                    DEFENDANTS

**MICHAEL McDOWELL**
ADC #148366                                              **PLAINTIFF**

v.                          No. 2:20-cv-100-DPM

**ASA HUTCHINSON, Governor,**
**State of Arkansas,** *et al.*                           **DEFENDANTS**


**JOHN J. SMITH**
ADC #154230                                              **PLAINTIFF**

v.                          No. 2:20-cv-101-DPM

**ASA HUTCHINSON, Governor,**
**State of Arkansas,** *et al.*                           **DEFENDANTS**


**ROBERT DRAFT**
ADC #160040                                              **PLAINTIFF**

v.                          No. 2:20-cv-102-DPM

**ASA HUTCHINSON, Governor,**
**State of Arkansas,** *et al.*                           **DEFENDANTS**

TAURIN JOHNSON
ADC #102958                                                    PLAINTIFF

v.                              No. 2:20-cv-103-DPM

ASA HUTCHINSON, Governor,
State of Arkansas, *et al.*                                    DEFENDANTS

## ORDER

**1.** There are some loose ends.  First, the Clerk of Court finally
received the money from ADC and has made the refunds to Schuler
and McDowell.  Second, the Court appreciates the Defendants' most
recent status report, which is a heartening word about the current
situation at EARU.

**2.** After *de novo* review, the Court adopts Magistrate Judge Ray's
careful recommendation, *Doc. 56.*  His work at a sprint on this matter
has been exemplary.

The Court overrules the Defendants' partial objection, *Doc. 69.*
Magistrate Judge Ray was clear:  his analysis of the particulars of the
emergency grievance procedure was hypothetical, and thus not
necessary to the recommended disposition.  *Doc. 56 at 7–8 & n.5.*  It is
nonbinding *dictum.*    Pierre N. Leval, JUDGING UNDER THE
CONSTITUTION:  DICTA ABOUT DICTA, 81 N.Y.U. L. Rev. 1249, 1256–58
(2006).    And not every *dictum* amounts to a constitutionally

-3-

impermissible advisory opinion implicating the Court's jurisdiction. Evan Tsen Lee, DECONSTITUTIONALIZING JUSTICIABILITY:   THE EXAMPLE OF MOOTNESS, 105 HARV. L. REV. 603, 648–49 (1992).   So long as judges and lawyers are careful to distinguish between *dicta* and holdings, "*dicta* often serve extremely valuable purposes."   Leval, *supra*, at 1253; *see also id.* at 1282.   Defendants' concerns are therefore misplaced.

The Court also overrules the inmates' objections, *Doc. 70*.   The complaints here aren't the type of "anticipated events" excluded from the ADC's grievance process.   *Doc. 56 at 15–16*.   And special circumstances — even unprecedented pandemics — are insufficient to overcome the statute's exhaustion requirement.   *Ross v. Blake*, 136 S. Ct. 1850, 1856–58 (2016).

The inmates' third objection raises a new argument:   they say that the emergency grievance process was unavailable.   *Doc. 70 at 10–17*.   But none of the grievances submitted *before* the inmates began this lawsuit were emergency grievances;   and the inmates haven't shown that the process for exhausting their non-emergency grievances was unavailable within the narrow meaning of the PLRA. *Ross*, 136 S. Ct. at 1858–60.

The motion for summary judgment, *Doc. 39*, is granted.   The inmates' remaining claims will be dismissed without prejudice for failure to exhaust.

- 4 -

**3.** The Court directs the Clerk to file a copy of this Order in each of the consolidated cases.   The Court de-consolidates the matter.   And the Court will also enter a separate Judgment in each of those cases. *Hall v. Hall*, 138 S. Ct. 1118, 1128–31 (2018).   Any inmate who wishes to appeal must file a notice of appeal and an application to proceed *in forma pauperis* in his separate case.   As a provisional matter, the Court will assess only one $505 appellate filing and docketing fee to be paid *pro rata* by the inmates who appeal.   But the Court of Appeals will have the last word on whether that single, *pro rata* filing fee is appropriate or whether each inmate will have to pay the full $505 appellate filing and docketing fees.

So Ordered.

D.P. Marshall Jr.
United States District Judge

28 August 2020